SMITH
v.
BRADEN (STAFIRE et al., third party defendants).
Civ. A. No. 11473.

United States District Court
W. D. Pennsylvania.
Jan. 21, 1954.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for Braden & Greig Freight Lines.

Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for Stafire.

GOURLEY, Chief Judge.

In this proceeding, based on negligence, motion is made to dismiss a third party complaint served on the Secretary of the Commonwealth under the Non-Resident Users of the Highway Act, joining the Greig Freight Line, Inc., as a third party defendant.

It is contended that Greig Freight Lines, Inc., was the lessee of the vehicle involved in the collision which underlies this proceeding and, therefore, was not the "operator" or "owner" as defined under the Non-Resident Users of the Highway Act, 75 P.S.Pa. § 1201.

A review of the third party complaint discloses the complainant to allege that at the time of the collision the original defendant was acting as agent, servant and employee, within the scope of his employment, of Greig Freight Lines, Inc. No allegation is proposed that Greig Freight Lines, Inc., was the lessee, and no intention appears to be present to invoke the Non-Resident Users of the Highway Act on the presupposition of a lessee relationship.

Since the issue of whether a lessee is: includable as owner or operator under the said statute is not squarely raised in the present status of the pleadings, I see no need to render a determination on this interesting question.

Certainly, the third party plaintiff is free to prove, if prove he can, the existence of an agency relationship between the original defendant, Joseph Braden, and the third party defendant, Greig Freight Lines, Inc. Indeed, the statute has never been construed to deny to any litigant the right to prove the existence of a master-servant relationship.

An appropriate order is entered.